FORMER EMPLOYEES OF LEVOLOUR LORENTZEN, PLAINTIFF v. U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 87–12–01209

(Decided April 28, 1988)

*Eva Daisy Lazo,* (on behalf of Former Employees of Levolour Lorentzen) *pro se.*
*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, (*M. Martha Ries,* on the motion) for the Defendant.

OPINION

MUSGRAVE, *Judge:* Plaintiffs, pro se, challenge the denial by the Secretary of Labor of benefits claimed by them under the Trade Act of 1974. 19 U.S.C. §§ 2271–2321, 2395 (1982 & Supp. III 1985). Defendant moves for dismissal on the grounds that Plaintiffs' claims do not fall within the period prescribed by the statute and therefore do not state a claim as to which relief can be granted. As Plaintiffs in fact do not come within the scope of the statute, defendant's motion to dismiss must be and it is hereby GRANTED.

BACKGROUND

On August 13, 1987 the Department of Labor certified the workers of Levolour South Venetian Blinds as eligible to apply for Trade Adjustment Assistance. The impact date, identifying when unemployed workers became eligible for benefits, was set as May 28, 1986.

Plaintiffs were terminated from employment with Levolour South Venetian Blinds during December, 1985 and January, 1986. They petitioned the Office of Trade Adjustment Assistance of the Department of Labor (LABOR) on November, 1987, more than twenty-two months after the last of such terminations. On December 2, 1987 LABOR informed Plaintiffs that they were not eligible for assistance under the relevant statute, 19 U.S.C. § 2272. Plaintiffs, on December 10, 1987 sent a letter to this Court, which the Court accepted as a summons and complaint, stating that Plaintiffs felt that it

was unfair "that some are able to receive benefits which we are not * * * when the only difference is the date of employment." Plaintiffs asked that this Court "study [this] case."

The Court has indeed studied Plaintiffs' case and would like to view their claims sympathetically; however, the statute is clear, as is case law, on the subject. 19 U.S.C. § 2273(b)(1) provides:

> (b) A certification under the section shall not apply to any worker whose last total or partial separation from the firm or appropriate subdivision of the firm before his application under section 2291 of the title occurred—
>
> > (1) more than one year before the date of the petition on which such certification was granted * * *.

The date of the petition on which certification was granted for the workers at Levolour was June 15, 1987. As indicated earlier, Plaintiffs were terminated from employment during December, 1985 and January, 1986. It is clear, then, that their separation took place more than one year before the date of the petition, and they are therefore not eligible for assistance under the statute.

The necessity of complying with the statutory requirements of filing for assistance has been strictly construed by this Court in *Former Employees of Travenol Laboratories, Inc.,* 11 CIT 145, Slip Op 87–24 (March 9, 1987), *See Former Employees of Westmoreland Manufacturing Co.* v. *United States,* 10 CIT 784, 650 F. Supp. 1021 (1986), and must be considered settled. See also *Lloyd* v. *U.S. Department of Labor* 637 F.2d 1267 (9th Cir. 1980).

With respect to the question—not urged by Plaintiffs but relevant nonetheless—of whether some equitable right arises from the (apparent) failure of LABOR to advise Plaintiffs of their rights, *Westmoreland* (opinion cited supra) considered and discussed this question at length, and concluded that no such right exists. We concur with that conclusion.

The Court therefore has no alternative but to dismiss Plaintiff's complaint and grant Defendant's motion to dismiss.